**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John Solak & Jim Figger, *on behalf of themselves and all others similarly situated*, | : : : |
| Plaintiffs, | Civil Action No.:    3:17-cv-704 (LEK/DEP) : : |
| v. | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| The Hain Celestial Group, Inc. d/b/a Sensible Portions, | : : |
| Defendant. | : |

For their Class Action Complaint, the Plaintiffs, John Solak and Jim Figger, by and through their undersigned counsel, pleading on their own behalf and on behalf of others similarly situated, state as follows:

<u>**INTRODUCTION**</u>

1.      Plaintiffs, John Solak and Jim Figger ("Plaintiffs"), bring this class action for damages, injunctive relief, and declaratory relief from the illegal actions of Defendant The Hain Celestial Group, Inc. d/b/a Sensible Portions ("Defendant" or "Hain").  Defendant misrepresented the vegetable content and the nutritional and health qualities of its Sensible Portions-branded Garden Veggie Straws line of products (the "Garden Veggie Straws" or "Defendant's Product").

2.      From six years prior to the date of this filing to the present (the "Class Period"), Defendant has engaged in a deceptive marketing campaign to convince consumers that Sensible Portions Garden Veggie Straws contained significant amounts of the actual vegetables shown in the marketing and on the labeling of Veggie Garden Straws, was nutritious and healthful to consume, and were more healthful than similar products.

3.      Indeed, Defendant labels and markets Garden Veggie Straws as containing a

"combination of garden grown potatoes [and] ripe vegetables," prominently displays pictures of a whole tomato, whole leaves of spinach and a whole potato on the front of the Garden Veggie Straws packaging, and branded the product "Garden Veggie Straws."  On its website, Hain claims that "Our airy, crunchy Straws combine garden-grown potatoes and ripe vegetables to form a better-for-you snack that has 30% less fat than the leading potato chip* and allows for 38 straws per serving."[1]

4.      However, Defendant's Garden Veggie Straws do not contain any of the actual vibrantly depicted vegetables.  Rather than ripe potatoes, tomatoes and spinach, the first five ingredients listed are potato starch, potato flour, corn starch, tomato paste and spinach powder.

5.      Moreover, while tomatoes and spinach are specifically known as excellent sources of Vitamins A and C[2], a recommended serving of Garden Veggie Straws contains *0%* of the recommended amount of Vitamin A and only *2%* of the recommended amount of Vitamin C.

6.      Thus, although Defendant markets the Garden Veggie Straws as healthful and nutritious, Defendant's Product is devoid of the health benefits Plaintiffs and other reasonable consumers associate with consuming real ripe vegetable produce or products.

7.      The amount of vegetables in the Garden Veggie Straws has a material bearing on price and consumer acceptance. Through the marketing, labeling, and overall appearance of the Garden Veggie Straws, Defendant creates the false impression that the vegetables named and

---

[1] https://www.sensibleportions.com/en/Product/spssgveggiestraws/#5oz (last visited June 23, 2017).
[2] A single portion of spinach provides 59% of the daily recommended amount of Vitamin A and 34% of Vitamin C, while a single portion of fresh tomato provides 15% of the daily recommended amount of Vitamin A and 20% of Vitamin C. *See* https://en.wikipedia.org/wiki/Spinach (last visited June 23, 2017) (citing https://ndb.nal.usda.gov/ndb/search/list?qlookup=11457&format=Full;) (last visited June 23, 2017); https://whatscooking.fns.usda.gov/sites/default/files/factsheets/HHFS_TOMATOES_FRESH_Oct2012.pdf (last visited June 23, 2017).

depicted on the labeling are present in an amount greater than is actually the case. Thus, Defendant is required to display the true percentage of vegetables on the front label, pursuant to 21 C.F.R. § 102.5.  Defendant violates this requirement.

8.     Because the Defendant fails to reveal the basic nature and characterizing properties of the Garden Veggie Straws —specifically, the true whole vegetable content— Defendant's Garden Veggie Straws are not only deceptive, they are also misbranded under Sections 403(a) and 403(q) of the Food Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 343(a) and (q).  Defendant's Product cannot be legally manufactured, advertised, distributed, or sold in the U.S. as it is currently labeled. *See* 21 U.S.C. § 331.

9.     Like the FDCA, New York's Agriculture and Markets Law provides that a food is misbranded if "its labeling is false or misleading." N.Y. Agric. & Mkts. Law § 201. Thus, the Garden Veggie Straws are misbranded under New York law.

10.     The Garden Veggie Straws are also misbranded under California's Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Cal. Health & Safety Code §§ 109875-111915. The Sherman Law expressly incorporates the food labeling requirements set forth in the FDCA, *see* Cal. Health & Safety Code § 110100(a), and provides that any food is misbranded if its nutritional labels do not conform to FDCA requirements. *See id.* § 110665; *see also* § 110670.

11.     The Sherman Law further provides that a product is misbranded if its labeling is "false or misleading." *Id.* § 110660. It is a violation of the Sherman Law to advertise any misbranded food, *id.* § 110398; to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded, *id.* § 110760; to misbrand any food, *id.* § 110765; or to receive in commerce any food that is misbranded or deliver or proffer it for delivery, *id.* § 110770.

12.     Defendant has been able to charge a price premium for the Garden Veggie Straws

3

by deceiving consumers, like Plaintiffs, by representing that the Garden Veggie Straws (a) contain significant amounts of the named and depicted *whole* vegetables; (b) are nutritious and healthful to consume; and (c) are more healthful than similar products.

13.     Defendant's false and misleading advertising played a substantial role in influencing Plaintiffs' decisions to purchase the Garden Veggie Straws.  Plaintiffs relied upon Defendant's depictions of whole vegetables, its naming of its product "Garden Veggie Straws," and its claims on the Garden Veggie Straws' packaging that Garden Veggie Straws include a "combination of garden grown potatoes [and] ripe vegetables."  If Plaintiffs had known the true whole vegetable content, as well as the true nutritional and health qualities of the Garden Veggie Straws they purchased, they would not have purchased the Garden Veggie Straws.

14.     Defendant's deceptive statements regarding the Garden Veggie Straws violate state and federal law, as detailed herein. As such, Plaintiffs assert claims on their behalf and on behalf of all purchasers of the Garden Veggie Straws for Defendant's breach of express warranty; and violations of New York General Business Law § 349; New York General Business Law § 350; California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, et seq.; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.

## PARTIES

15.     Plaintiff John Solak ("Mr. Solak") is, and at all times mentioned herein was, an adult individual residing in Bible School Park, New York.

16.     Plaintiff Jim Figger ("Mr. Figger") is, and at all times mentioned herein was, an adult individual residing in Murrieta, California.

17.     Defendant The Hain Celestial Group, Inc. ("Hain") is a Delaware corporation

headquartered at 1111 Marcus Avenue, #1, Lake Success, New York 11042. Hain produces, markets, distributes, and sells the Garden Veggie Straws under its Sensible Portion™ brand to consumers throughout the United States.

## JURISDICTION AND VENUE

18.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), under 28 U.S.C. § 1332(d), which explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege there are at least 100 members in the proposed Class (as defined below), the total claims of the proposed Class members are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, and a member of the proposed Class is a citizen of a State different from the State of citizenship of Defendant.

19.     This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Defendant's principal place of business is in the State of New York and Mr. Solak's claims arise out of Defendant's conduct within the State of New York.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Mr. Solak and Defendant reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

21.     Consumers, including the Plaintiffs, increasingly and consciously seek out healthy foods and snacks—placing value on healthy vegetable-based snacks. Consumers seek these types

of snacks for various reasons, including perceived benefits of avoiding disease, and attaining health and wellness for themselves and their families.

**A.  Defendant's Deceptive Marketing of the Garden Veggie Straws**

22.    Defendant's deceptive practices capitalize on consumers' desire to purchase healthier snacks.

23.    For instance, Defendant boasts that "We know that it's important that you feel great about the snacks you give your family, and that's why we continually set higher standards for ourselves and our products. Our commitment to well-being started with our very first Garden Veggie Straw® brand, and it continues on with every new innovation."[3]

24.    Defendant markets the Garden Veggie Straws as healthful and nutritious, claiming that "[w]hat makes our snacks so irresistible" is "[t]he combination of garden grown potatoes, ripe vegetables, and 30% less fat than the leading potato chip" and that Garden Veggie Straws are a "smart and wholesome" snack:

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

---

[3] https://www.sensibleportions.com/en/about-us/ (last visited June 23, 2017).



25.    Moreover, the front of the Garden Veggie Straws's labeling prominently displays pictures of *whole* tomatoes, spinach, and potatoes, and identifies itself as a "VEGETABLE AND POTATO SNACK."  There is separately a picture of a whole tomato in the Garden Veggie Straws's logo



**B.  Garden Veggie Straws Do Not Contain Any Amounts of the Whole Vegetables Depicted, and Are Not Healthful**

26.     Defendant's claims about the vegetable content and the nutritional qualities and healthfulness of the Garden Veggie Straws are deceptive. Although the marketing and labeling of the Garden Veggie Straws depicts whole tomatoes, spinach leaves and potatoes, and separately claims those vegetables are "garden grown" and "ripe," there are no garden grown or ripe vegetables in the Garden Veggie Straws.  Instead, the Vegetable Straws contain highly processed byproducts of what were once vegetables, and with respect to tomatoes and spinach, only contain trace amounts of those byproducts upon information and belief.  Indeed, the ingredient list for Garden Veggie Straws contains potato starch, potato flour, tomato paste and spinach powder, not whole potatoes, whole ripe tomatoes or whole rip spinach leaves:

INGREDIENTS: VEGGIE STRAWS ( POTATO STARCH, POTATO FLOUR, CORN STARCH, TOMATO PASTE, SPINACH POWDER, SALT, POTASSIUM CHLORIDE, SUGAR, BEETROOT POWDER [COLOR], TURMERIC, CANOLA OIL AND/OR SAFFLOWER OIL AND/OR SUNFLOWER OIL, SEA SALT).

27.     As noted above, while tomatoes and spinach are known for being excellent sources of Vitamins A and C[4], a recommended serving of Garden Veggie Straws contains 0% of the recommended amount of Vitamin A and only 2% of the recommended amount of Vitamin C:

---

[4] A single portion of spinach provides 59% of the daily recommended amount of Vitamin A and 34% of Vitamin C, while a single portion of fresh tomato provides 15% of the daily recommended amount of Vitamin A and 20% of Vitamin C. *See* https://en.wikipedia.org/wiki/Spinach (last visited June 23, 2017) (citing https://ndb.nal.usda.gov/ndb/search/list?qlookup=11457&format=Full;) (last visited June 23, 2017); https://whatscooking.fns.usda.gov/sites/default/files/factsheets/HHFS_TOMATOES_FRESH_O ct2012.pdf (last visited June 23, 2017).

**Nutrition Facts**

Serving Size 1 oz (28g) / about 38 straws
Servings Per Container 5

**Amount Per Serving**

**Calories** 130    Calories from Fat 60

|  | % Daily Value* |
| --- | --- |
| **Total Fat** 7g | **11%** |
| Saturated Fat 0.5g | **3%** |
| Trans Fat 0g | |
| **Cholesterol** 0mg | **0%** |
| **Sodium** 210mg | **9%** |
| **Total Carbohydrate** 15g | **5%** |
| Dietary Fiber less than 1g | **2%** |
| Sugars less than 1g | |
| **Protein** less than 1g | |

| Vitamin A 0% | • | Vitamin C 2% |
| --- | --- | --- |
| Calcium 0% | • | Iron 2% |

*Percent Daily Values are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs:

| | Calories: | 2,000 | 2,500 |
| --- | --- | --- | --- |
| Total Fat | Less than | 65g | 80g |
| Saturated Fat | Less than | 20g | 25g |
| Cholesterol | Less than | 300mg | 300mg |
| Sodium | Less than | 2,400mg | 2,400mg |
| Total Carbohydrate | | 300g | 375g |
| Dietary Fiber | | 25g | 30g |

28.     In contrast, a single serving of Lay's Classic potato chips contains 10% of the recommended daily amount of Vitamin C, five times the amount contained in the Garden Veggie Straws.[5]  Garden Veggie Straws also contain more sodium and less protein than Lay's Classic potato chips.[6]

---

[5] *See http://www.fritolay.com/images/default-source/masstransit-nutrition-panel/lays-classic.jpg?sfvrsn=2* (last visited June 23, 2017).
[6] *See id.*

29.     Thus, not only are there are no actual ripe and garden grown vegetables in Garden Veggie Straws as advertised, but the vegetables byproducts that Defendant does put in the Garden Veggie Straws completely lack the nutritional value of their whole vegetable counterparts.  Accordingly, the precise aspect of whole vegetables (vitamins and nutrients) that makes their inclusion in Garden Veggie Straws attractive to consumers, is completely missing from the Garden Veggie Straws.

30.     Defendant is able to sell the Garden Veggie Straws to consumers by deceiving consumers about the healthfulness and content of the Garden Veggie Straws and distinguishing the Garden Veggie Straws from competitors' products.  Defendant is motivated to deceive consumers for no other reason than to charge a price premium and to take away market share from competing companies to further increase its own profits.

31.     In short, Defendant's Garden Veggie Straws are promoted as a healthful vegetable snack alternative. Defendant conveys to consumers that Garden Veggie Straws are a healthful snack product containing whole potatoes, tomatoes and spinach, and comparing themselves favorably to potato chips, when in fact the Garden Veggie Straws contain only vegetable byproducts, created in laboratories and factories, not fields, which completely lack the nutrients and vitamins that whole potatoes, tomatoes and spinach are known for.  Thus, stating that the Garden Veggie Straws are made of "garden grown potatoes [and] ripe vegetables" and representing that Garden Veggie Straws are beneficial to consumers' health is misleading and deceptive.

## C.  The Garden Veggie Straws are Misbranded

32.     Under FDCA section 403, a food is "misbranded" if "its labeling is false or misleading." *See* 21 U.S.C. §§ 343(a).

33.     The amount of whole vegetables in the Garden Veggie Straws has a material bearing on price and consumer acceptance. Moreover, Defendant's marketing and labeling of the Garden Veggie Straws—including the imagery of whole potatoes, tomatoes and spinach, and claims that "garden grown potatoes [and] ripe vegetables" are ingredients—creates the erroneous impression that the whole vegetables depicted in Defendant's Product's marketing and labeling is present in an amount greater than is actually the case. Thus, Defendant is required to display the true percentage of vegetables in the product name on the front label, pursuant to 21 C.F.R. § 102.5. Defendant violates this requirement.

34.     Because the Defendant failed to reveal the basic nature and characterizing properties of the Garden Veggie Straws (specifically, the true whole vegetable content), Defendant's Garden Veggie Straws are not only sold with misleading labeling but also misbranded under Sections 403(a) of the Food Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 343(a), and cannot be legally manufactured, advertised, distributed, or sold in the U.S. as they are currently labeled. *See* 21 U.S.C. § 331.

35.     Moreover, New York law forbids the misbranding of food in language largely identical to that found in the FDCA. Specifically, New York's Agriculture and Markets Law provides that a food is misbranded if "its labeling is false or misleading." N.Y. Agric. & Mkts. Law § 201. Thus the Garden Veggie Straws are misbranded under New York law.

36.     Similarly, the Garden Veggie Straws are misbranded under California's Sherman Law, Cal. Health & Safety Code §§ 109875-111915. The Sherman Law expressly incorporates the food labeling requirements set forth in the FDCA, *see* Cal. Health & Safety Code § 110100(a), and provides that any food is misbranded if its nutritional labeling does not conform to FDCA requirements. *See id.* § 110665; *see also id.* § 110670.

37.     The Sherman Law further provides that a product is misbranded if its labeling is "false or misleading." *Id.* § 110660. It is a violation of the Sherman Law to advertise any misbranded food, *id.* § 110398; to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded, *id.* § 110760; to misbrand any food, *id.* § 110765; or to receive in commerce any food that is misbranded or deliver or proffer it for delivery, id. § 110770.

38.     By misrepresenting the basic nature and characterizing properties of the Garden Veggie Straws, Defendant violated these federal and state regulations and mislead Plaintiffs and consumers alike.

## ALLEGATIONS APPLICABLE TO PLAINTIFF

**A.  John Solak**

39.     Mr. Solak has purchased Defendant's Garden Veggie Straws on multiple occasions.  Mr. Solak purchased the Garden Veggie Straws from a Price Chopper grocery store located in Binghamton, New York.

40.     Prior to his purchase of the Garden Veggie Straws, Mr. Solak saw and relied upon Defendant's marketing and labeling representing that the Garden Veggie Straws were made with significant amounts of the named and depicted whole vegetables and were healthful.

41.     When Mr. Solak saw Defendant's misrepresentations prior to and at the time of purchase, he relied on Defendant's representations and claims that the Garden Veggie Straws contained significant amounts of actual whole vegetables.

42.     Defendant emphasized in the marketing and on the labeling of Defendant's Product that Garden Veggie Straws were nutritious and healthful, and were more healthful than similar products.

43.     Mr. Solak suffered injury because he relied on Defendant's misrepresentations and would not have purchased the Garden Veggie Straws for himself and his family had

Defendant not made certain misrepresentations in Garden Veggie Straws's marketing and labeling. In the future, if Mr. Solak knew that Garden Veggie Straws's marketing and labeling was truthful and not deceptive, he would continue to purchase Defendant's Product.  At present, however, Mr. Solak cannot be confident that the labeling and labeling of Defendant's Product is, and will be, truthful and non-deceptive.

**B.  Jim Figger**

44.     Mr. Figger has purchased Defendant's Garden Veggie Straws on multiple occasions. Mr. Figger purchased the Garden Veggie Straws from a Target retail location in Murrieta, California, a Stater Brothers grocery store located in Murrieta, California, and a Sprouts grocery store located in Temecula, California.

45.     Prior to his purchase of the Garden Veggie Straws, Mr. Figger saw and relied upon Defendant's marketing and labeling representing that the Garden Veggie Straws were made with significant amounts of the named and depicted whole vegetables and were healthful.

46.     When Mr. Figger saw Defendant's misrepresentations prior to and at the time of purchase, he relied on Defendant's representations and claims that the Garden Veggie Straws contained significant amounts of actual whole vegetables.

47.     Defendant emphasized in the marketing and on the labeling of Defendant's Product that Garden Veggie Straws were nutritious and healthful, and were more healthful than similar products.

48.     Mr. Figger suffered injury because he relied on Defendant's misrepresentations and would not have purchased the Garden Veggie Straws for himself and his family had Defendant not made certain misrepresentations in Defendant's Product's marketing and labeling. In the future, if Mr. Figger knew that Defendant's Product's marketing and labeling was truthful

and not deceptive, he would continue to purchase Defendant's Product.  At present, however,

Mr. Figger cannot be confident that the labeling and labeling of Defendant's Product is, and will

be, truthful and non-deceptive.

**CLASS ACTION ALLEGATIONS**

A. **The Class**

49.      Plaintiffs brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf

of themselves and all others similarly situated.

50.      Plaintiffs represent, and are members of the following class (the "Class"):

**All persons within the United States who purchased Garden Veggie Straws during the Class Period.**

51.      Mr. Solak also seeks to represent a subclass of all Class members who purchased

the Garden Veggie Straws in the state of New York (the "New York Subclass").

52.      Mr. Figger also seeks to represent a subclass of all Class members who purchased

the Garden Veggie Straws in the state of California (the "California Subclass").

53.      Defendant and its employees or agents are excluded from the Class and the

Subclasses. Plaintiffs do not know the number of members in the Class, but believe the class

members number in the several thousands, if not more. Thus, this matter should be certified as a

class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

54.      Plaintiffs do not know the exact number of Class members, but given the nature

of the claims and the number of retail stores selling Defendant's Product, Plaintiffs believe that

Class members are so numerous that joinder of all members of the Class is impracticable.

55.      The exact number and identities of the Class members are unknown at this time

and can only be ascertained through discovery.

## C.  Common Questions of Law and Fact

56.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

a.   Whether Defendant marketed, packaged, or sold Defendant's Product to Plaintiffs and those similarly situated using false, misleading, or deceptive statements or representations, including statements or representations concerning the nutritional and health qualities of its Product;

b.   Whether Defendant omitted or misrepresented material facts in connection with the sales of its Product;

c.   Whether Defendant participated in and pursued the common course of conduct complained of herein;

d.   Whether Defendant's marketing, labeling, or selling of Defendant's Product as healthful and nutritious constitutes an unfair or deceptive consumer sales practice;

e.   Whether Defendant has been unjustly enriched as a result of its unlawful business practices;

f.   Whether Defendant's actions as described above violate New York General Business Law § 349, *et seq.*;

g.   Whether Defendant's actions as described above violate the New York General Business Law § 350, *et seq.*;

h.   Whether Defendant's actions as described above violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

i.   Whether Defendant's actions as described above violate the California False

16

Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

j.   Whether Defendant's actions as described above violate the California

Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*;

k.   Whether Defendant should be enjoined from continuing the above-described

practices;

l.   Whether Plaintiffs and members of the Class are entitled to declaratory relief;

and

m.   Whether Defendant should be required to make restitution, disgorge profits,

reimburse losses, pay damages, and pay treble damages as a result of the

above-described practices.

**D.  Typicality**

57.   Plaintiffs' claims are typical of the claims of the Class members, as they are all

based on the same factual and legal theories.

**E.  Protecting the Interests of the Class Members**

58.   Plaintiffs will fairly and adequately protect the interests of the Class and have

retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither Plaintiffs nor their counsel have any interests which might cause them not to

vigorously pursue this action.

**F.  Proceeding Via Class Action is Superior and Advisable**

59.   A class action is the superior method for the fair and efficient adjudication of this

controversy.  The interest of Class members in individually controlling the prosecutions of

separate claims against Defendant is small because it is not economically feasible for Class

members to bring individual actions.

17

## COUNT I
## Breach of Express Warranty

60.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

61.     Defendant expressly warranted in its marketing, labeling, and promotion of the Garden Veggie Straws that the Garden Veggie Straws contain "garden grown potatoes" and "ripe vegetables" and are nutritious, and healthful to consume. These statements are untrue as detailed above. The promise of whole vegetable content, and the nutritious and healthful nature of the Garden Veggie Straws, specifically relates to the goods being purchased and became the basis of the bargain. Plaintiffs and members of the Class purchased the Garden Veggie Straws based upon the above said express warranties made in Defendant's marketing and labeling of the Garden Veggie Straws.

62.     Defendant breached its express warranty by selling Garden Veggie Straws that did not conform to the warranties it made.

63.     Plaintiffs and the Class were injured as a direct and proximate result of Defendant's breach and deserve to be compensated for the damages they suffered. If Plaintiffs and the Class had known the true facts concerning the whole vegetable content of the Garden Veggie Straws, they would not have purchased Garden Veggie Straws.

## COUNT II
## Deceptive Acts or Practices,
## In Violation of New York General Business Law § 349, et seq.

64.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

65.     Mr. Solak brings this Cause of Action individually and on behalf of the members of the New York Subclass against Defendant.

66.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting the characteristics, ingredients, and benefits of the Garden Veggie Straws.

67.     The foregoing deceptive acts and practices were directed at consumers.

68.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, and benefits of the Garden Veggie Straws to induce consumers to purchase the Garden Veggie Straws.

69.     Mr. Solak and members of the New York Subclass were injured because: (a) they would not have purchased the Garden Veggie Straws had they known that Defendant's Product did not contain significant amounts of the actual whole vegetables shown in the marketing and on the labeling of Defendant's Product, and were not nutritious and healthful to consume, and were not more healthful than similar products; (b) they paid a price premium for the Garden Veggie Straws based on Defendant's false and misleading statements; and (c) the Garden Veggie Straws did not have the characteristics and benefits promised because the Garden Veggie Straws were not made with any whole "garden grown potatoes" or "ripe vegetables" and lacked the nutritional benefits associated with those vegetables.  As a result, Mr. Solak and the New York Subclass have been damaged because they purchased more of Defendant's Product than they would have or paid more than they would have for Defendant's Garden Veggie Straws had they known the statements on Defendant's Garden Veggie Straws conveying that they were made from whole garden grown and ripe vegetables and were healthful and nutritious, are contrary to the actual ingredients of the Garden Veggie Straws.

70.     On behalf of himself and other members of the New York Subclass, Mr. Solak seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages

or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees

**COUNT III**
**False Advertising,**
**In Violation of New York General Business Law § 350, et seq.**

71.    Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

72.    Mr. Solak brings this Cause of Action individually and on behalf of the members of the New York Subclass against Defendant.

73.    Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way, which constitutes false advertising in violation of Section 350 of the New York General Business Law.

74.    Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the foregoing misrepresentations, were and are directed to consumers.

75.    Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the foregoing misrepresentations, were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

76.    Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the foregoing misrepresentations, have resulted in consumer injury or harm to the public interest.

77.    Mr. Solak and members of the New York Subclass have been injured because: (a) they would not have purchased the Garden Veggie Straws had they known that the Garden Veggie Straws were not made with any whole "garden grown potatoes" or "ripe vegetables" and lacked the nutritional benefits associated with those vegetables; (b) they paid a price premium for

the Garden Veggie Straws based on Defendant's false and misleading statements; and (c) the Garden Veggie Straws did not have the characteristics and benefits promised because the Garden Veggie Straws were not made with any whole "garden grown potatoes" or "ripe vegetables" and lacked the nutritional benefits associated with those vegetables.  As a result, Mr. Solak and the New York Subclass have been damaged because they purchased more of Defendant's Product than they would have or paid more than they would have for Defendant's Garden Veggie Straws had they known the statements on Defendant's Garden Veggie Straws conveying that they were made from whole vegetables and were healthful are contrary to the actual ingredients of the Garden Veggie Straws.

78.     As a result of Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the foregoing misrepresentations, Plaintiffs have suffered and continue to suffer economic injury.

79.     Mr. Solak and members of the New York Subclass suffered an ascertainable loss caused by Defendant's Misrepresentations because they purchased more of Defendant's Product than they would have or paid more than they would have for Defendant's Garden Veggie Straws had they known the truth about Defendant's Product.

80.     On behalf of himself and other members of the Class and New York Subclass, Mr. Solak seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**COUNT IV**
**Unfair and Deceptive Acts and Practices,**
**In Violation of the California Consumers Legal Remedies Act § 1750, et seq.**

81.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and

incorporate them herein by reference.

82.     Mr. Figger brings this cause of action individually and on behalf of the California

Subclass pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et

seq. (the "CLRA").

83.     Mr. Figger and members of the California Subclass are "consumers," as the term

is defined by California Civil Code § 1761(d), because they bought Defendant's Product for

personal, family, or household purposes.

84.     Mr. Figger, members of the California Subclass, and Defendant have engaged in

"transactions," as that term is defined by California Civil Code § 1761(e).

85.     The conduct alleged in this Complaint constitutes unfair methods of competition

and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was

undertaken by Defendant in transactions intended to result in, and which did result in, the sale of

goods to consumers.

86.     As alleged more fully above, Defendant has violated the CLRA by falsely

representing to Mr. Figger and the California Subclass certain qualities of its Product.

87.     As a result of engaging in such conduct, Defendant has violated California Civil

Code §§ 1770(a)(5), (a)(7), and (a)(9).

88.     Pursuant to California Civil Code §§ 1780(a)(2) and (a)(5), Mr. Figger seeks an

order of this Court that includes, but is not limited to, an order requiring Defendant to remove

language and graphics on Defendant's marketing and labeling representing the Garden Veggie

Straws are made with whole vegetables and are healthful and nutritious.

89.     Mr. Figger and members of the California Subclass may be irreparably harmed or

denied an effective and complete remedy if such an order is not granted.

90.     The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Mr. Figger and members of the California Subclass.

91.     Mr. Figger does not seek monetary damages pursuant to the CLRA.

**COUNT V**
**Unlawful Business Acts and Practices,**
**In Violation of California Business and Professions Code, § 17200, et seq.**

92.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

93.     Mr. Figger brings this cause of action individually and on behalf of the California Subclass.

94.     Such acts of Defendant, as described above, constitute unlawful business acts and practices.  In this regard, Defendant's manufacturing, marketing, advertising, labeling, distributing, and selling of its Product violates California's Sherman Law, Cal. Health & Saf. Code § 109875, et seq.

95.     In relevant part, the Sherman Law declares that food is misbranded if its labeling is false or misleading in any particular way and further provides that it is unlawful for any person to misbrand any food. Cal. Health & Saf. Code §§ 110660, 110765.

96.     The Sherman Law defines a "person" as "any individual, firm, partnership, trust, corporation, limited liability company, company, estate, public or private institution, association, organization, group, city, county, city and county, political subdivision of this state, other governmental agency within the state, and any representative, agent, or agency of any of the foregoing." Cal. Health & Saf. Code § 109995. Defendant is a corporation and, therefore, a "person" within the meaning of the Sherman Law.

97.     The business practices alleged above are unlawful under the CLRA, Cal. Civ.

23

Code § 1750, et seq., which forbids deceptive advertising.

98.     The business practices alleged above are unlawful under California Business and Professions Code § 17200, et seq. by virtue of violating § 17500, et seq., which forbids untrue advertising and misleading advertising.

99.     As a result of the business practices described above, Mr. Figger and the California Subclass, pursuant to California Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

100.     The above-described unlawful business acts and practices of Defendant present a threat and reasonable likelihood of deception to Mr. Figger and members of the California Subclass in that Defendant has systematically perpetrated and continue to perpetrate such acts or practices upon members of the California Subclass by means of misleading manufacturing, marketing, advertising, labeling, distributing, and selling of Defendant's Product.

### COUNT VI
### Fraudulent Business Acts and Practices,
### In Violation of California Business and Professions Code § 17200, et seq.

101.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

102.     Mr. Figger brings this cause of action individually and on behalf of the California Subclass.

103.     Such acts of Defendant as described above constitute fraudulent business practices under California Business and Professions Code § 17200, et seq.

104.     As more fully described above, Defendant's misleading marketing, advertising, and labeling of Defendant's Product is likely to deceive reasonable California consumers. Indeed, Mr. Figger and other members of the California Subclass were deceived regarding the characteristics of Defendant's Product, as Defendant's marketing, advertising, and labeling of Defendant's Product misrepresents or omits the true ingredients and nutritional content of Defendant's Product. Defendant's portrayal of Garden Veggie Straws as made with actual whole vegetables and being healthful and nutritious is misleading and deceptive because the Garden Veggie Straws were not made with any whole "garden grown potatoes" or "ripe vegetables" and lacked the nutritional benefits associated with those vegetables.

105.     This fraud and deception caused Mr. Figger and members of the California Subclass to purchase more of Defendant's Product than they would have or to pay more than they would have for Defendant's Product had they known that the statements on Defendant's Product conveying that they were made from whole vegetables and were healthful are contrary to the actual ingredients of Defendant's Product.

106.     As a result of the business acts and practices described above, Mr. Figger and the California Subclass, pursuant to California Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

**COUNT VII**
**Misleading and Deceptive Advertising**
**In Violation of California Business and Professions Code, § 17500, et seq.**

107.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and

incorporate them herein by reference.

108.    Mr. Figger brings this cause of action individually and on behalf of the California

Subclass for violations of California Business and Professions Code § 17500, et seq. for

misleading and deceptive advertising against Defendant.

109.    At all material times, Defendant engaged in a scheme of offering Defendant's

Product for sale to Mr. Figger and other members of the California Subclass by way of, *inter

alia*, commercial marketing and advertising, the Internet, product labeling, and other promotional

materials. Defendant's portrayal of its Product as being made from whole vegetables and as

being healthful and nutritious is misleading and deceptive because the Garden Veggie Straws

were not made with any whole "garden grown potatoes" or "ripe vegetables" and lacked the

nutritional benefits associated with those vegetables.  Said advertisements were made within the

State of California and come within the definition of advertising as contained in Business and

Professions Code § 17500, et seq. in that such promotional materials were intended as

inducements to purchase Defendant's Product and are statements disseminated by Defendant to

Mr. Figger and the California Subclass and were intended to reach members of the California

Subclass. Defendant knew, or in the exercise of reasonable care should have known, that these

statements were misleading and deceptive.

110.    In furtherance of said plan and scheme, Defendant has prepared and distributed

within the State of California—via commercial marketing and advertising, the Internet, product

labeling, and other promotional materials—statements that misleadingly and deceptively

represent Defendant's Product as being made of the actual whole vegetables represented, and

being healthful and nutritious. Consumers, including Mr. Figger, necessarily and reasonably

relied on these materials concerning Defendant's Product. Consumers, including Mr. Figger and

the Class Members, were among the intended targets of such representations.

111.    The above acts of Defendant, in disseminating said misleading and deceptive statements throughout the State of California to consumers, including Mr. Figger and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiffs and other members of the Class, by obfuscating the real ingredients of Defendant's Product, and making misleading claims about Defendant's Product, all in violation of the "misleading prong" of California Business and Professions Code § 17500.

112.    As a result of the above violations of the "misleading prong" of California Business and Professions Code § 17500, et seq., Defendant has been unjustly enriched at the expense of Mr. Figger and the other members of the California Subclass. Mr. Figger and the California Subclass, pursuant to California Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for Defendant's Product as a result of the wrongful conduct of Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such false and deceptive advertising by Defendant in the future;

2. Declaratory relief as stated;

3. Statutory, compensatory, treble, and punitive damages;

4. An Order of restitution and all other forms of equitable monetary relief;

5.   An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

6.   Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 29, 2017

Respectfully submitted,

By:      */s/ Sergei Lemberg*_____
         Sergei Lemberg, Esq.
         LEMBERG LAW, LLC
         43 Danbury Road
         Wilton, CT 06897
         Telephone: (203) 653-2250
         Facsimile:  (203) 653-3424
         *Attorneys for Plaintiffs*

28