**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| |
|---|
| John Solak & Jim Figger, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> The Hain Celestial Group, Inc. d/b/a Sensible Portions, <br><br> Defendant. |

Case No. 3:17-cv-00704-LEK-DEP

Hon. Lawrence E. Kahn

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

**JENNER & BLOCK LLP**

Kenneth K. Lee (Bar No. 520782)
klee@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Tel.: 213 239-5152
Fax: 213 239-5199

Dean N. Panos (applying *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654
Tel.: 312 222-9350
Fax: 312 527-0484

*Attorneys for Defendant*
The Hain Celestial Group, Inc.

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................ 2

    I.  Garden Veggie Straws Are Snacks Made with Potatoes, Tomatoes,
        and Spinach ............................................................................................... 2

    II.  Plaintiffs Sue Hain Celestial Claiming Deception ................................. 4

ARGUMENT ..................................................................................................... 5

    I.  The Packaging of Garden Veggie Straws Contains Factually True
      Images and Statements That Are Not Likely to Deceive a Reasonable
      Consumer ................................................................................................. 5

          A.  The depiction of the vegetable is factually true because the top
             ingredients by weight in Veggie Straws are potatoes,
             tomatoes, and spinach ................................................................... 6

          B.  Any mistaken belief over whether Veggie Straws contains
             freshly plucked vegetables would be dispelled by reviewing
             the packaging as a whole and by basic common sense ............... 9

    II.  Plaintiffs Fail to Identify What Statements They Supposedly Relied
       Upon ....................................................................................................... 13

    III.  Plaintiffs Have Failed to Adequately Allege Actual Injury ................. 15

    IV.  Plaintiffs' Breach of Warranty Claim Fails as a Matter of Law ......... 16

          A.  Plaintiffs' breach of express warranty claim fails because the
             representations are accurate and unlikely to deceive a
             reasonable consumer ..................................................................... 16

          B.  Plaintiffs' breach of express warranty claim fails for lack of
             pre-suit notice .............................................................................. 16

          C.  Plaintiffs cannot maintain a warranty claim on behalf of a
             nationwide class ........................................................................... 17

    V.  Plaintiffs Lack Article III Standing to Seek Injunctive Relief ............ 19

CONCLUSION .................................................................................................. 22

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Albert v. Blue Diamond Growers*,
   151 F. Supp. 3d 412 (S.D.N.Y. 2015)........................................................22

*Anderson v. Hain Celestial Group, Inc.*,
   87 F. Supp. 3d 1226 (N.D. Cal. 2015) .....................................................21

*Arroyo v. Chattem, Inc.*,
   926 F. Supp. 2d 1070 (N.D. Cal. 2012) ...................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................2, 5, 12

*Atik v. Welch Foods, Inc.*,
   2016 WL 5678474 ...............................................................................20, 21

*Azoulai v. BMW of N. Am. LLC*,
   No. 16-00589, 2017 WL 1354781 (N.D. Cal. Apr. 13, 2017)................16

*B. B. P. Ass'n, Inc. v. Cessna Aircraft Co.*,
   91 Idaho 259 (1966) ...............................................................................18

*Barre v. Gulf Shores Turf Supply, Inc.*,
   547 So. 2d 503 (Ala. 1989)....................................................................18

*Belfiore v. Proctor & Gamble Co.*,
   311 F.R.D. 29 (E.D.N.Y. 2015)........................................................9, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................5

*Bowring v. Sapporo U.S.A., Inc.*,
   234 F. Supp. 3d 386 (E.D.N.Y. 2017) ...................................................12

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
   169 Cal. App. 4th 116 (2008) .................................................................16

*Chang v. Fage USA Dairy Indus., Inc.*,
   No. 14-3826, 2016 WL 5415678 (E.D.N.Y. Sept. 28, 2016) ................21

*Cohen v. JP Morgan Chase & Co.*,
   498 F.3d 111 (2d. Cir. 2007)....................................................................5

*Cortina v. Goya Foods, Inc.*,
    94 F. Supp. 3d 1174 (S.D. Cal. 2015) ......................................................17

*Davidson v. Kimberly-Clark Corp.*,
    76 F. Supp. 3d 964 (N.D. Cal. 2014) ......................................................15

*Dumas v. Diageo PLC*,
    No. 15-1681, 2016 WL 1367511 (S.D. Cal. Apr. 6, 2016).......................12

*Elkind v. Revlon Consumer Prod. Corp.*,
    No. 14-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ...................21

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013).................................................................5, 9

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) .............................................................5, 9, 10

*Gale v. Int'l Bus. Machines Corp.*,
    9 A.D.3d 446 (2004) ..........................................................................14, 15

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................14

*Gorman v. Am. Honda Motor Co.*,
    302 Mich. App. 113 (2013)......................................................................18

*Gustavson v. Wrigley Sales Co.*,
    No. 12-01861, 2014 WL 60197 (N.D. Cal. Jan. 7, 2014).........................15

*Hadley v. Kellogg Sales Co.*,
    No. 16-04955, 2017 WL 1065293 (N.D. Cal. Mar. 21, 2017) ..................8

*Henderson v. Gruma Corp.*,
    No. 10-04173, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...................7

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
    148 F. Supp. 3d 285 (S.D.N.Y. 2015)......................................................15

*Hill v. Roll International Corp.*,
    195 Cal. App. 4th 1295 (2011) .................................................................6

*Horowitz v. Stryker Corp.*,
    613 F. Supp. 2d 271 (E.D.N.Y. 2009) .....................................................14

*Hughes v. The Ester C Co.*,
    317 F.R.D. 333 (E.D.N.Y. 2016) .............................................................20

*In re: 100% Grated Parmesan Cheese Marketing & Sales Practices Litig.*,
   MDL No. 2705, No. 16-5802, 2017 WL 3642076 (N.D. Ill. Aug. 24, 2017) .................10, 11

*In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Practices Litig.*,
   No. 13-150, 2015 WL 5730022 (S.D.N.Y. Sept. 30, 2015) ......................................................20

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
   No. 12-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ..............................13, 14, 17, 19

*In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*,
   241 F.R.D. 305 (S.D. Ill. 2007) .....................................................................................................18

*In re Grand Theft Auto Video Game Consumer Litig.*,
   251 F.R.D. 139 (S.D.N.Y. 2008) ..............................................................................................17, 18

*In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*,
   1 F. Supp. 3d 34 (E.D.N.Y. 2014) .................................................................................................18

*Izquierdo v. Mondelez*,
   No. 16-4697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)......................................................15

*Jessani v. Monini North America, Inc.*,
   No. 17-03257, Dkt. No. 18 (S.D.N.Y. Aug. 3, 2017) ...............................................................12

*Kelly v. Cape Cod Potato Chip Co., Inc.*,
   81 F. Supp. 3d 754 (W.D. Mo. 2015) ..........................................................................................13

*Khasin v. R. C. Bigelow, Inc.*,
   No. 12-2204, 2016 WL 4502500 (N.D. Cal. Aug. 29, 2016) ...................................................21

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) ....................................................................................................5, 6

*Manchouck v. Mondelēz Int'l Inc.*,
   No. 13-02148, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) .............................................7, 8

*Mantikas v. Kellogg Co.*,
   No. 16-2552, 2017 WL 2371183 (E.D.N.Y. May 31, 2017) ......................................................8

*McCrary v. Elations Co., LLC*,
   No. 13-0242, 2013 WL 6403073 (C.D. Cal. July 12, 2013)....................................................14

*McKinnis v. Kellogg USA*,
   No. 07-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ..................................................11

*Muehlbauer v. Gen. Motors Corp.*,
   431 F. Supp. 2d 847 (N.D. Ill. 2006) ..........................................................................................18

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)................................................................19

*Paulino v. Conopco, Inc.*,
    No. 14-5145, 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ..................16

*Pungitore v. Barbera*,
    No. 12-1795, 506 Fed. Appx. 40 (2d Cir. Dec. 20, 2012) ......................19

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013).....................................................17

*Red v. Kraft Foods, Inc.*,
    No. 10-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)...............7, 13

*Rikos v. Procter & Gamble Co.*,
    No. 11-226, 2012 WL 641946 (S.D. Ohio Feb. 28, 2012) ......................18

*Sensible Foods, LLC v. World Gourmet, Inc.*,
    No. 11-2819, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) ......................8

*Shain v. Ellison*,
    356 F.3d 211 (2d Cir. 2004)...................................................................19

*Singleton v. Fifth Generation, Inc.*,
    No. 15-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016)..................16, 17

*Smith v. Allmax Nutrition, Inc.*,
    No. 15-00744, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) .................19

*Speed Fastners, Inc. v. Newsom*,
    382 F.2d 395 (10th Cir. 1967) ...............................................................18

*Stansfield v. Minute Maid Co.*,
    124 F. Supp. 3d 1226 (N.D. Fla. 2015)....................................................6

*Stuart v. Cadbury Adams USA, LLC*,
    No. 10-55638, 458 Fed. Appx. 689 (9th Cir. Nov. 14, 2011).................12

*Tomasino v. Estee Lauder Companies Inc.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) .....................................................20

*Unified School Dist. No. 500 v. U.S. Gypsum Co.*,
    788 F. Supp. 1173 (D. Kan. 1992)..........................................................18

*Victor v. R.C. Bigelow, Inc.*,
    No. 13-02976, 2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ..........14, 15

*Whitaker v. Herr Foods, Inc.*,
　198 F. Supp. 3d 476 (E.D. Pa. 2016) ...................................................................21

*Workman v. Plum Inc.*,
　141 F. Supp. 3d 1032 (N.D. Cal. 2015) ...............................................................10

**STATUTES**

California Consumer Legal Remedies Act, CAL. CIV. CODE § 1750 ..............................4

California False Advertising Law, CAL. BUS. & PROF. CODE § 17500 ..........................4

California Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 .......................4

N.Y. GEN. BUS. LAW § 349 ...........................................................................4, 14, 15

N.Y. GEN. BUS. LAW § 350 ...........................................................................4, 14, 15

**OTHER AUTHORITIES**

21 C.F.R. § 102.5 ...............................................................................................6

## INTRODUCTION

Defendant The Hain Celestial Group, Inc. manufactures Garden Veggie Straws, a crunchy "vegetable and potato snack" shaped like a straw. The packaging prominently features a picture of the straw-shaped snack and also includes a smaller picture of a potato, tomato, and spinach leaves. The ingredient list on the packaging discloses that these snacks are indeed made from the depicted vegetables: the FDA-mandated ingredient list shows that the top five ingredients by weight are "potato starch, potato flour, corn starch, tomato paste, [and] spinach powder."

Despite the accuracy of the packaging, Plaintiffs John Solak and Jim Figger filed this putative class action lawsuit claiming that they were allegedly duped by it.  Notably, they do not dispute that Garden Veggie Straws in fact contain potato, tomato, and spinach.  But they claim that the small picture of the potato, tomato, and spinach allegedly misled them into believing that there were "actual ripe and garden grown vegetables in Garden Veggie Straws."  Compl., ¶ 29.  And to their supposed surprise, Plaintiffs later discovered that these packaged snacks found on supermarket aisles next to cookies and crackers do not have the same vitamin content as a freshly plucked tomato, a leafy spinach, or a recently harvested potato.

This lawsuit is meritless and should be dismissed for the following reasons:

First, a reasonable consumer would not be deceived by the packaging of Garden Veggie Straws because the statements and pictures are factually true.  There is no dispute that Garden Veggie Straws contain potato, tomato, and spinach.  Numerous federal courts from California to New York have dismissed virtually identical lawsuits, stating that the challenged statement or picture on a food product packaging merely states the ingredients in the snack and is factually correct.  That is the case here.  Plaintiffs' position that they somehow subjectively believed that these packaged snacks contained the same vitamin content or nutritional value as fresh vegetables

defies common sense.  Moreover, nowhere on the package does it say that the snack has the same vitamin or nutritional content as whole tomatoes, potatoes, or spinach.  To the contrary, the packaging's ingredient list and Nutrition Facts panel inform consumers that these crunchy snacks do not have the same nutritional value as fresh vegetables.  As the Supreme Court emphasized in *Ashcroft v. Iqbal*, district courts must rely on their "judicial experience and common sense" to root out implausible cases at the pleading stage. 556 U.S. 662, 679 (2009).  This is precisely the type of case that does not pass muster under the *Iqbal/Twombly* plausibility standard.

Second, this complaint should be dismissed because Plaintiffs have not specified what they saw or relied upon in buying this snack.  The complaint vaguely refers to "Defendant's marketing and labeling," but does not identify with particularity what exactly Plaintiffs saw and relied upon.

Third, Plaintiffs have not adequately alleged that they suffered any actual injury because there is no specific allegation that Hain Celestial supposedly charges a "price premium" for Garden Veggie Straws.

Finally, Plaintiffs' warranty claims fail as a matter of law, and Plaintiffs also lack Article III standing to seek injunctive relief because they have not indicated that they will buy Garden Veggie Straws in the future and thus face no imminent threat of any future harm.

## BACKGROUND

### I.    Garden Veggie Straws Are Snacks Made with Potatoes, Tomatoes, and Spinach.

Garden Veggie Straws are a crunchy, straw-shaped "vegetable and potato snack" product. The packaging prominently depicts an enlarged image of the crunchy snacks to show its airy texture. There is also a smaller image of a potato, a tomato, and spinach that corresponds to the three flavors of straws and reflects the ingredients in the product.  The bottom left of the package states in all capital letters: "VEGETABLE AND POTATO SNACK."  There is no statement

comparing the vitamin or nutritional content of these snacks with fresh vegetables; rather, the packaging merely states that it has "30% Less Fat than the leading Potato Chips."



Compl., ¶ 25.

The ingredients list on the package shows that four of the five most predominant ingredients by weight are in fact the depicted vegetables: potato starch, potato flour, tomato paste, and spinach powder.



Compl., ¶ 26.

## II.    Plaintiffs Sue Hain Celestial Claiming Deception.

Although Plaintiffs acknowledge that Garden Veggie Straws are made from potatoes, tomatoes, and spinach, they allege that the product packaging is misleading because the snacks do not contain "*whole* potatoes, *whole* ripe tomatoes or *whole* rip[e] spinach leaves."  Compl., ¶ 26 (emphasis added).  Plaintiffs assert a cause of action for breach of express warranty on behalf of themselves and a nationwide class of "[a]ll persons within United States who purchased Garden Veggie Straws during the Class Period."  Compl., ¶¶ 50, 60-63.  In addition, Plaintiff Solak, who resides in Bible School Park, New York, asserts causes of action for violations of New York's Consumer Protection from Deceptive Acts and Practices law (N.Y. GEN. BUS. LAW §§ 349, 350), on behalf of himself and a New York Subclass.  Compl., ¶¶ 15, 64-80.  And Plaintiff Figger, who resides in Murrieta, California, asserts causes of action for violations of California's Consumer Legal Remedies Act (CAL. CIV. CODE § 1750), California's Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200), and California's False Advertising Law (CAL. BUS. & PROF. CODE § 17500), on behalf of himself and a California Subclass.  Compl., ¶¶ 16, 81-112.  Plaintiffs seek

injunctive relief, restitution, and statutory, compensatory, treble, and punitive damages, as well as attorneys' fees and costs.  Compl., at 27-28 (Prayer for Relief).

## ARGUMENT

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Importantly, "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and *common sense*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . that the pleader is entitled to relief."  *Id.*  Rather, a plaintiff must "allege more by way of factual content to 'nudg[e]' his claim . . . 'across the line from conceivable to plausible.'"  *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570).

## I.    The Packaging of Garden Veggie Straws Contains Factually True Images and Statements That Are Not Likely to Deceive a Reasonable Consumer.

"To prevail on their consumer fraud claims under New York and California law, Plaintiffs must establish that [the] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) ("reasonable consumer" standard applies to UCL, FAL, and CLRA claims). To satisfy this "reasonable consumer" standard, Plaintiffs must show that it is "*probable* that a *significant portion of the general consuming public* or of target consumers, acting reasonably in the circumstances, could be misled."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) (emphasis added); *see also Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d. Cir. 2007) ("[T]he alleged act must be likely to mislead a reasonable consumer acting reasonably under the circumstances.")

(internal punctuation omitted).  This requires "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."  *Lavie*, 105 Cal. App. 4th at 508.  Put another way, the challenged terms must be evaluated with reference to the "reasonable consumer," not the "unwary consumer" or "least sophisticated consumer."  *Hill v. Roll International Corp.*, 195 Cal. App. 4th 1295, 1304 (2011).

> **A. The depiction of the vegetables is factually true because the top ingredients by weight in Veggie Straws are potatoes, tomatoes, and spinach.**

Plaintiffs' claims must be dismissed because the packaging of Garden Veggie Straws contains only factually true representations that would not deceive a reasonable consumer.  The depiction of a potato, tomato, and spinach leaves on the front panel accurately identifies the product's most prominent ingredients. As Plaintiffs acknowledge in their Complaint, Garden Veggie Straws are made primarily of potato starch, potato flour, tomato paste, and spinach powder. *See* Compl., ¶ 26.[1]  In short, there is nothing deceptive about the packaging of Veggie Straws: it correctly identifies the actual ingredients in the product, and further, those depicted vegetables are in fact the predominant ingredients in the snack.

---

[1] In their Complaint, Plaintiffs assert that Hain Celestial "is required to display the true percentage of vegetables on the front label, pursuant to 21 C.F.R. § 102.5."  Compl., ¶¶ 7, 33.  Not so.  Section 102.5 requires that that the percentage of a characterizing ingredient be declared "when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient . . . is present in an amount greater than is actually the case."  21 C.F.R. § 102.5(b).  Here, the characterizing ingredients in Garden Veggie Straws — potatoes, tomatoes, and spinach — are four of the five most predominant ingredients in the product.  Compl., ¶ 26.  Since Garden Veggie Straws are primarily a potato and vegetable product, no clarifying language is required under Section 102.5.  *Compare Stansfield v. Minute Maid Co.*, 124 F. Supp. 3d 1226 (N.D. Fla. 2015), appeal dismissed (May 17, 2016) (explaining that federal regulation required Minute Maid to clarify the amount of pomegranate and blueberry juice in its five-juice blend because "these juices are not the predominant juices.").

In similar food labeling lawsuits, courts across the country have routinely held that product packaging that highlights an ingredient is not deceptive as a matter of law if the depicted or listed ingredient is actually in the product.

- In *Red v. Kraft*, for example, the plaintiffs claimed that the "Made with Real Vegetables" label and images of vegetables on the packaging of Vegetable Thins crackers were misleading because they suggested that "the product is healthy and contains a significant amount of vegetables" when in fact it had "vegetable powder." *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012), *enforced*, 2012 WL 5502359 (C.D. Cal. Oct. 26, 2012).  The court dismissed the claim, ruling that the packaging was not deceptive as a matter of law because the crackers did, in fact, contain vegetable ingredients.  2012 WL 5504011, at *4.  As the court explained, "the fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables."  *Id.* at *3.

- Similarly, in *Henderson v. Gruma Corp.,* the court dismissed the plaintiffs' claims challenging the phrase "With Garden Vegetables" as misleading because the guacamole dip "d[id] in fact contain vegetables that can be grown in a garden," including avocado powder, dehydrated onion, and garlic powder.  No. 10-04173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011).  The court explained that the "With Garden Vegetables" statement was "accurate in the context of the label as a whole" since it "does not claim a specific amount of vegetables in the product, but rather speaks to their presence in the product, which is not misleading."  *Id.*

- In *Manchouck v. Mondelēz Int'l Inc.*, No. 13-02148, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013), aff'd 603 F. App'x 632 (9th Cir. 2015), the plaintiff said that the term "made

with real fruit" found on Newton cookies was misleading because it contained only small amounts of pureed fruits, not whole fruits. The court dismissed the complaint, stating that "[i]t is ridiculous to say that consumers would expect snack food 'made with real fruit' to contain only 'actual strawberries or raspberries,' rather than these fruits in a form amenable to being squeezed inside a Newton." *Id.* at *3.

- In *Sensible Foods, LLC v. World Gourmet, Inc.*, the court held that the use of the word "veggie" in the name of Veggie Straws, Veggie Chips, and Veggie Crips products was not deceptive as a matter of law because the products were "made primarily from potatoes." No. 11-2819, 2012 WL 566304, at *6 (N.D. Cal. Feb. 21, 2012) ("It is simply implausible-indeed, it strains the boundaries of the English language-to say that products made primarily from potatoes are not made of 'veggies.'").

- In *Hadley v. Kellogg Sales Co.*, the court dismissed plaintiff's claims challenging the "factually true" statement "MADE WITH Real Fruit" because "[i]t is not misleading for a product to state it is made with real fruit when that statement accurately represents that the product contains real fruit and does not misrepresent the type of fruit the product contains." No. 16-04955, 2017 WL 1065293, at *10 (N.D. Cal. Mar. 21, 2017).

- In *Mantikas v. Kellogg Co.*, the court held that the phrases "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" on packages of Cheez-It crackers "would neither mislead nor decide a reasonable consumer" because they were "factually truthful statements regarding the Crackers' ingredients." No. 16-2552, 2017 WL 2371183, at *4-5 (E.D.N.Y. May 31, 2017).

As in each of these cases, the packaging of Garden Veggie Straws is not deceptive as a matter of law because it truthfully identifies the vegetable ingredients in the product. Indeed, the

facts in this case are even more compelling because the depicted vegetables here are undisputedly the predominant ingredients in the product.

**B. Any mistaken belief over whether Veggie Straws contains freshly plucked vegetables would be dispelled by reviewing the packaging as a whole and by basic common sense.**

Notwithstanding the accurate depiction of the vegetables on the packaging, Plaintiffs take the unreasonable position that they somehow subjectively believed that the snack products contained *whole* fresh vegetables and the "health benefits . . . associate[d] with consuming real ripe vegetable produce," such as high amounts of Vitamins A and C. *See, e.g.*, Compl., ¶¶ 4-6, 29, 31.

But Plaintiffs' unreasonable and mistaken belief that packaged snacks have the same nutritional profile as fresh produce is readily dispelled by reviewing the package "as a whole" (*Freeman*, 68 F.3d at 290), and further, their implausible interpretation defies common sense.

First, as the Second Circuit explained, "in determining whether a reasonable consumer would have been misled by a particular advertisement, *context is crucial*." *Fink*, 714 F.3d at 742 (emphasis added). Courts must "view each allegedly misleading statement in light of its context on the product label or advertisement *as a whole*." *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) (emphasis added); *Freeman*, 68 F.3d at 290 (ruling that "any ambiguity that [plaintiff] would read into any particular statement is dispelled by the promotion as a whole.").

Here, the packaging does not claim that the snacks have the same nutritional profile as fresh vegetables. There is no statement stating that these tasty packaged snacks have the same Vitamin A or C content as a leafy spinach or a ripe tomato. To the contrary, the packaging as a whole makes clear that is not the case. The ingredient list accurately discloses that the straw snacks are made from vegetables in the form of potato starch and flour, tomato paste, and spinach powder.

Compl., ¶ 26.  And the Nutrition Facts panel discloses that the snacks contain 2% of the recommended amount of Vitamin C and 0% of the recommended amount of Vitamin A per serving.  Compl., ¶ 27.  Accordingly, any potential ambiguity about the ingredients or nutritional content of Garden Veggie Straws could be resolved by reviewing the packaging "as a whole." *Belfiore*, 311 F.R.D. at 53; *Freeman*, 68 F.3d at 290.

An instructive case is *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032 (N.D. Cal. 2015), appeal dismissed (Mar. 14, 2016).  The plaintiff there alleged that Plum's Organics puree pouches and fruit bars were deceptive because they prominently depicted high-quality ingredients, such as pumpkin, pomegranate, quinoa, and yogurt, but was predominantly made of lower-cost apple, pear, or banana puree.  *Id.* at 1034.  After reviewing the labels at issue, the court determined that "any potential ambiguity" could "be resolved by the back panel of the products, which lists all ingredients in order of predominance, as required by the FDA."  *Id.* at 1035.  As the court explained, "One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient. Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA."  *Id.*  Here, the facts are even more compelling than in *Workman* because the vegetables depicted on the packaging of Garden Veggie Straws are in fact the predominant ingredients, and in any event "any potential ambiguity could be resolved by the back panel" of the product that provides the ingredients and nutritional value.  *Id.*

The recent decision in the *In re: 100% Grated Parmesan Cheese* multidistrict litigation is also highly instructive because the court conducted a detailed deep dive into false advertising case

law in New York and elsewhere.  *See In re: 100% Grated Parmesan Cheese Marketing & Sales Practices Litig.*, MDL No. 2705, No. 16-5802, 2017 WL 3642076 (N.D. Ill. Aug. 24, 2017).  The plaintiffs alleged that they were misled by the "100% Grated Parmesan Cheese" labels on parmesan cheese products because the products contained cellulose powder and potassium sorbate, and therefore cheese was not "100%" of the ingredients.  In contrast, defendants said that the term was accurate because it signified that it contained only parmesan cheese (and not other types of cheese, such as processed American cheese).

After surveying the applicable law in New York and elsewhere, the *In re: 100% Grated Parmesan Cheese* court found that the "principles [espoused by the courts] yield this rule: where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim." *Id.* at 14.  The court noted that "[t]his distinction rests on the principle that, when product descriptions are merely vague or suggestive, '[e]very reasonable shopper knows the devil is in the details.'" *Id.* at 16 (quoting *Workman*, 141 F. Supp. 3d at 1035).  Applying this well-established case law to the plaintiffs' claims, the court found that the "100% Grated Parmesan Cheese" label was ambiguous because, while it "might be interpreted as saying that the product is 100% cheese and nothing else, it also might be an assertion that 100% of the cheese is parmesan cheese, or that the parmesan cheese is 100% grated." *Id.* at 16.  Given the ambiguity of the allegedly misleading label, the court dismissed the complaint because the plaintiffs' claims were "doomed by the readily accessible ingredient panels on the products that disclose the presence of non-cheese ingredients." *Id.* at 16.[2]

_____

[2] *See also, e.g., McKinnis v. Kellogg USA*, No. 07-2611, 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (holding that no reasonable consumer would be deceived by depictions of fruit on the

Likewise here, even assuming that the (accurate) depiction of the vegetables was somehow considered ambiguous by a reasonable consumer, it would not be deceptive because the "readily accessible ingredient panels on the product[]" would "disclose" the fact that these snacks do not have the same nutritional profile as fresh vegetables. *Id.*

Second, Plaintiffs' implausible position that they thought that Veggie Straw snacks had the same nutritional value as fresh vegetables must be dismissed because it simply defies common sense. The U.S. Supreme Court has directed courts to "draw on its judicial experience and *common sense*" to smoke out implausible cases at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *Stuart v. Cadbury Adams USA, LLC*, No. 10-55638, 458 Fed. Appx 689 (9th Cir. Nov. 14, 2011) (affirming dismissal of food mislabeling case where the claims "defy common sense").

As described on the packaging, Garden Veggie Straws are a crunchy "vegetable and potato snack" touted as a lower-fat alternative to potato chips. *See* Compl., ¶ 24-25. It is implausible that that reasonable consumers would expect such a crunchy *snack* sold next to crackers and cookies to be made with *whole* vegetables or contain the same nutritional value as freshly plucked

---

front panel "[w]here a consumer can readily and accurately determine the nutritional value and ingredients of a product"); *Dumas v. Diageo PLC*, No. 15-1681, 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016) (where plaintiff alleged that Red Stripe beer's labeling statement "Jamaican-style Lager" was misleading because it was brewed domestically, the court dismissed the complaint because other parts of the label disclosed that it was brewed and bottled in Pennsylvania, which would dispel any ambiguity over the meaning of the term "Jamaican-style Lager."); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) (rejecting plaintiffs' claim that Japanese imagery on beer bottle implied that Sapporo was imported from Japan, when the bottle disclosed that it was made in Canada, and noting that "Courts routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct"); *Jessani v. Monini North America, Inc.*, No. 17-03257, Dkt. No. 18, (S.D.N.Y. Aug. 3, 2017) (dismissing lawsuit because the "ingredient list truthfully reflects" the accurate information and thus it "would not confuse a reasonable consumer acting reasonably under the circumstances").

vegetables found in the produce section at the supermarket. Plaintiffs' theory of the case is as credible as someone claiming that she thought potato chips were as healthy as a recently harvested potato. *Cf. Kelly v. Cape Cod Potato Chip Co., Inc.*, 81 F.Supp.3d 754, 760 (W.D. Mo. 2015) (dismissing an "all natural" lawsuit challenging potato chips because potato chips are "processed foods" and "of course do not exist or occur in nature"). As the court explained in *Red v. Kraft, Inc.*, "[t]he fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." 2012 WL 5504011, at *3. And the "fact of life" is that a packaged snack does not have the same nutritional profile as fresh vegetables. *Id.*

## II.     Plaintiffs Fail to Identify What Statements They Supposedly Relied Upon.

In their Complaint, Plaintiffs vaguely assert that they "saw and relied upon Defendant's marketing and labeling" of Garden Veggie Straws. Compl., ¶¶ 40, 45. Critically, however, neither Plaintiff has specified *which* of the challenged statements he "saw and relied upon." *See id.* In deceptive advertising cases, such vague allegations are not sufficient. Rather, Plaintiffs must "identify specific advertisements and promotional materials" and "allege when the plaintiff(s) were exposed to the material." *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-2413, 2013 WL 4647512, at *24-25 (E.D.N.Y. Aug. 29, 2013) (internal quotation omitted). In other words, Plaintiffs must set forth "when, where, [and] how" they viewed each of the challenged representations prior to purchasing Garden Veggie Straws. *Arroyo v. Chattem, Inc.*, 926 F. Supp. 2d 1070, 1080 (N.D. Cal. 2012) (holding that plaintiff's general allegations that "she relied on 'promotion, advertising and, [sic] marketing' [were] not pleaded with particularity" because plaintiff failed to allege "when, where, or how she was exposed to or accessed this promotion, advertising, or marketing prior to purchase.").

Absent this factual showing of reliance, Plaintiffs' false advertising claims must be dismissed. *See In re Frito-Lay N. Am.*, 2013 WL 4647512, at *25 (dismissing claims predicated on representations in Frito-Lay's advertisements and website because plaintiffs "d[id] not set forth the where, when, or what with sufficient particularity."); *Victor v. R.C. Bigelow, Inc.*, No. 13-02976, 2014 WL 1028881, at *7 (N.D. Cal. Mar. 14, 2014) (dismissing claims premised upon representations made on Bigelow's website where plaintiff "did not allege that he relied" on those statements); *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (2004) (dismissing claims under GBL §§ 349 and 350 because plaintiff did not allege "that he saw any of [the challenged] statements before he purchased or came into possession of his hard drive.").

The lack of specificity about reliance is highlighted by the fact that the complaint refers to allegedly misleading statements on the Sensible Portions website (Compl., ¶¶ 3, 23), but neither Plaintiff alleges that he actually visited the website prior to purchasing Garden Veggie Straws. *See* Compl., ¶¶ 39-48. Accordingly, Plaintiffs lack standing to challenge these statements under California's UCL, FAL, and CLRA, and Sections 349 and 350 of New York's GBL. *See, e.g.,* *McCrary v. Elations Co., LLC*, No. 13-0242, 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) ("In order to assert a claim under the UCL, FAL, or CLRA, the plaintiff . . . must actually rely on the allegedly false or misleading statements prior to purchasing the product."); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 288 (E.D.N.Y. 2009) ("In order to make a claim under NYGBL Section 350, a plaintiff must plead reliance on a false advertisement at the time the product was purchased."); *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) ("To properly allege causation" under GBL § 349, "a plaintiff must state in

14

his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased.").[3]

### III.    Plaintiffs Have Failed to Adequately Allege Actual Injury.

A plaintiff establishes statutory standing under the GBL by "claiming that he paid a premium for a product based on the allegedly misleading representations." *Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) (citation omitted). Likewise, California imposes a similar injury requirement. *See, e.g., Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 976 (N.D. Cal. 2014) (granting motion to dismiss because "consumer fails to allege facts showing that he/she experienced any harm resulting from product use").

Here, Plaintiffs have not provided any factual allegation that Hain Celestial in fact charges a price premium for Garden Veggie Straws. An on-point case is *Izquierdo v. Mondelez*, No. 16-4697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016). The plaintiff there similarly alleged that the defendant food company had charged a price premium due to the misleading packaging. The court dismissed the complaint, ruling that "[s]imply because Plaintiffs here recite the word 'premium' multiple times in their Complaint does not make Plaintiffs' injury any more cognizable." *Id.* at *7. The court further added, "Nor is it clear that Plaintiffs' alleged injury (the price paid) flowed from any act of [the defendant]" because the retailer "set[s] the price" of the product. *Id.* Likewise here, Plaintiffs have not adequately alleged that they actually paid a price premium for the Garden Veggies straws, and "recit[ing] the word 'premium' multiples in their Complaint" does not make a cognizable claim. *See id.*

---

[3] *See also, e.g., Gustavson v. Wrigley Sales Co.*, No. 12-01861, 2014 WL 60197, at *9 (N.D. Cal. Jan. 7, 2014) (plaintiff lacked standing to assert claims "based on statements appearing on a Wrigley website that [plaintiff] does not claim to have viewed"); *Victor v. R.C. Bigelow, Inc.*, No. 13-02976, 2014 WL 1028881, at *7 (N.D. Cal. Mar. 14, 2014) (dismissing claims premised upon representations made on Bigelow's website where plaintiff "did not allege that he relied" on those statements); *Gale*, 9 A.D.3d at 447 (dismissing claims under GBL §§ 349 and 350 because plaintiff did not allege "that he saw any of [the challenged] statements before he purchased or came into possession of his hard drive.").

## IV.   **Plaintiffs' Breach of Warranty Claim Fails as a Matter of Law.**

### A.   **Plaintiffs' breach of express warranty claim fails because the representations are accurate and unlikely to deceive a reasonable consumer.**

Under both New York and California law, a warranty claim must be assessed under a reasonable consumer standard. *See, e.g., Azoulai v. BMW of N. Am. LLC*, No. 16-00589, 2017 WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017) (explaining that breach of express warranty claims "may be dismissed as a matter of law where an alleged statement … 'in the context, is such that no reasonable consumer could be misled' in the manner claimed by the plaintiff."); *Singleton v. Fifth Generation, Inc.*, No. 15-474, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) (whether a plaintiff's interpretation of a product label is "erroneous or reflect[s] a promise made by Defendant necessarily depends on what a reasonable consumer would believe."). As discussed above, Plaintiffs have failed to show that the packaging of Garden Veggie Straws would deceive a reasonable consumer. *See supra*, §§ I (A)-(B).

### B.   **Plaintiffs' breach of express warranty claim fails for lack of pre-suit notice.**

Plaintiffs' breach of warranty claim fails for another independent reason. Plaintiffs do not allege that they provided Hain Celestial with notice of the purported breach of warranty prior to initiating this litigation. Under New York and California law, failure to provide such notice serves as a bar to suit. *Paulino v. Conopco, Inc.*, No. 14-5145, 2015 WL 4895234, at *1 (E.D.N.Y. Aug. 17, 2015) ("New York law requires that a 'buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'") (quoting N.Y. U.C.C. § 2-607(3)(a)); *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008) ("To recover on a breach of warranty claim, '[t]he buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of any breach or be barred from any remedy.'") (quoting Cal. Com. Code § 2607(3)(A)).

Accordingly, Plaintiffs' breach of warranty claim must be dismissed.  *Singleton*, No. 15-474, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) (dismissing express warranties claims because plaintiff "failed to allege that he provided timely notice to Defendant of the alleged breach"); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing express warranty claim for failure to allege timely notice); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1196 (S.D. Cal. 2015) (dismissing breach of express warranty claim because "Plaintiffs did not provide pre-suit notice of an alleged breach").

### C.  Plaintiffs cannot maintain a warranty claim on behalf of a nationwide class.

Plaintiffs seek to assert a breach of express warranty claim on behalf of a nationwide class of "[a]ll persons within the United States who purchased Garden Veggie Straws during the Class Period."  Compl., ¶¶ 50; 60-63.  Although Plaintiffs do not specify which state's law should apply to the national class, it is clear that any attempt to apply a single express warranty law to all United States residents is wholly improper.

Under New York choice of law principles, courts must apply a "center of gravity" or "grouping of contracts" approach to determine which state's law governs in a breach of warranty case.  *In re Frito-Lay N. Am.*, 2013 WL 4647512, at *19 (noting that a "federal district court sitting in diversity generally applies the choice of law rules of the state in which it sits.").  "The traditional choice of law factors, the places of contracting and performance, are given the heaviest weight in this analysis."  *Id.* (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997)).  Accordingly, New York courts have repeatedly found that each putative class member's breach of express warranty claim should be governed by the law of the state where he or she made the purchase.  *In re Frito-Lay N. Am.*, 2013 WL 4647512, at *19; *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 149 (S.D.N.Y. 2008) (determining that New

York choice of law "requires the application of the law of the state of purchase to [class] members' claims for breach of warranty").

Here, since the nationwide class encompasses purchases made across all fifty states and the District of Columbia, the Court would be required to apply the substantive law of each state to the putative class member's claims. This would be a herculean task given the material and significant differences among the states' express warranty laws.[4] *See In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. at 147 (explaining that "there are many relevant differences" and "actual conflicts" among the states' warranty laws, some of which are "outcome determinative"); *Rikos v. Procter & Gamble Co.*, No. 11-226, 2012 WL 641946, at *6 (S.D. Ohio Feb. 28, 2012) ("No discovery will change the simple fact that different states have different elements for claims of breach of express warranty, and the Court finds that these variations are material."); *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 241 F.R.D. 305, 317 (S.D. Ill. 2007) (noting "significant variations in the law governing express warranties"). Such a nationwide class would not only be unmanageable, but would be improper since Plaintiffs "lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided." *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d

---

[4] For example, breach of express warranty laws vary widely from state to state with respect to issues of (1) reliance (*see, e.g.*, *Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967) (reliance required under Oklahoma law); *Unified School Dist. No. 500 v. U.S. Gypsum Co.*, 788 F. Supp. 1173, 1177 (D. Kan. 1992) (reliance not required under Kansas law); (2) privity (*see, e.g.*, *Barre v. Gulf Shores Turf Supply, Inc.*, 547 So. 2d 503, 504 (Ala. 1989) (showing of privity required under Alabama law); *B. B. P. Ass'n, Inc. v. Cessna Aircraft Co.*, 91 Idaho 259, 263-64 (1966) (privity of contract is "not essential" under Idaho law); and (3) pre-litigation notice (*see, e.g.*, *Gorman v. Am. Honda Motor Co.*, 302 Mich. App. 113, 123 (2013) (pre-suit notice required under Michigan law); *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 857 (N.D. Ill. 2006) (interpreting Maine law) (explaining that no "Maine court…has held that notice is an element of a breach of warranty claim").

34, 50 (E.D.N.Y. 2014) (holding that "named Plaintiffs lack standing to bring claims under state laws to which Plaintiffs have not been subjected"). Therefore, Plaintiffs' breach of express warranty claim on behalf of the nationwide class must be dismissed. *See In re Frito-Lay N. Am.*, 2013 WL 4647512, at *19 (dismissing breach of warranty claim under New York law as to non-New York plaintiffs and putative class members); *see also Smith v. Allmax Nutrition, Inc.*, No. 15-00744, 2015 WL 9434768, at *3 (E.D. Cal. Dec. 24, 2015) (dismissing express warranty claim brought on behalf of a nationwide class where the court could not "plausibly find that California contract law would apply to any individual who purchased the Product outside of California.").

**V.    Plaintiffs Lack Article III Standing to Seek Injunctive Relief.**

To meet the constitutional minimum of standing for injunctive relief, a plaintiff "must prove the likelihood of *future* or *continuing* harm." *Pungitore v. Barbera*, No. 12-1795, 506 Fed. Appx. 40, 41-42 (2d Cir. Dec. 20, 2012) (emphasis in original) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Past injuries "do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Further, an "abstract" threat of injury is "not enough." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Rather, the risk of harm must be "real and immediate," not "conjectural" or "hypothetical." *Id.*

Plaintiffs have not plausibly alleged that they are likely to suffer future harm from Hain Celestial's alleged misrepresentations. Plaintiffs admit that they are unlikely to purchase Garden Veggie Straws again because they "cannot be confident that the labeling . . . is, and will be, truthful and non-deceptive." Compl., ¶¶ 43, 48. Plaintiffs also assert that they "would not have purchased the Garden Veggie Straws" in the first place "had [they] known the true whole vegetable content,

as well as the true nutritional and health qualities[.]"  Compl., ¶ 13.  Where it is clear from the complaint that plaintiffs "are unlikely to buy the class products again," courts in this Circuit have routinely found that "they lack standing to seek a forward-looking injunction."  *In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Practices Litig.*, No. 13-150, 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015) (holding that plaintiffs lacked standing to seek injunctive relief where "[e]ach Plaintiff state[d] that, if she had been aware of the alleged truth about Avon's products, she would not have bought class products."); *see also Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (holding that plaintiff lacks standing to seek injunctive relief where the complaint "made clear that she . . . would not have purchased [the challenged beauty product] in the first place absent the allegedly misleading advertisements."); *Hughes v. The Ester C Co.*, 317 F.R.D. 333, 357 (E.D.N.Y. 2016), reconsideration denied No. 12-0041, 2017 WL 3129767 (E.D.N.Y. July 21, 2017) (holding that plaintiffs lacked standing because they "both allege[d] that, if they had been aware of the alleged truth of the Products, they would not have bought them.").

Faced with this clear precedent, Plaintiffs attempt to salvage their claim for injunctive relief by alleging they "would continue to purchase" Garden Veggie Straws in the future, if they knew that the "marketing and labeling was truthful and not deceptive."  Compl., ¶¶ 43, 48.  This hollow assertion is not only implausible in light of Plaintiffs' admissions that they "would not have purchased Garden Veggie Straws" if they "had known [its] whole vegetable content," (*see* Compl., ¶ 63), but is insufficient to confer standing.  In *Atik v. Welch Foods, Inc.*, for example, the court rejected the plaintiffs' nearly identical allegations that they "would resume purchasing the Products in the future but only if the representations on the Products' labels were 'truthful and non-deceptive.'"  2016 WL 5678474.  As the court explained, "[t]hese allegations are insufficient

to establish a likelihood of future injury because Plaintiffs cannot rely on past injury." *Id.*; *see also Khasin v. R. C. Bigelow, Inc.*, No. 12-2204, 2016 WL 4502500, at \*4-5 (N.D. Cal. Aug. 29, 2016) (finding plaintiff's assertion that he "would consider buying Bigelow tea again" if the challenged claims were removed from the package "unconvincing" and cautioning that a "plaintiff may not manufacture standing for injunctive relief simply by expressing an intent to purchase the challenged product in the future."); *Anderson v. Hain Celestial Group, Inc.*, 87 F. Supp. 3d 1226, 1234 (N.D. Cal. 2015) (dismissing plaintiff's request for injunctive relief and noting that any allegation that the plaintiff would purchase the products at issue in the future "would be implausible if read with the other allegations" in the complaint.).

Moreover, even if Plaintiffs were to purchase Garden Veggie Straws in the future, there is "no danger that they will again be deceived" since they "are now aware of the alleged misrepresentations that they challenge." *Elkind v. Revlon Consumer Prod. Corp.*, No. 14-2484, 2015 WL 2344134, at \*3 (E.D.N.Y. May 14, 2015). As Plaintiffs acknowledge in their Complaint, they now know that "there are no actual ripe and garden grown vegetables in Garden Veggies Straws." Compl., ¶ 29. Accordingly, it is simply implausible that Plaintiffs would "actually be personally deceived" again by the same alleged misrepresentations. *Chang v. Fage USA Dairy Indus., Inc.*, No. 14-3826, 2016 WL 5415678, at \*5 (E.D.N.Y. Sept. 28, 2016); *see also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476 (E.D. Pa. 2016) ("Because Plaintiff is now familiar with Defendant's labeling practices, it is a 'speculative stretch' to say Plaintiff would 'unwittingly accept' the labels' assertions in the future.").

Since Plaintiffs have failed to allege a "real or immediate threat of injury," "they lack standing to seek injunctive relief individually and on behalf of a class." *Chang*, 2016 WL 5415678,

at *5; *see also Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412, 417 (S.D.N.Y. 2015)

("[N]amed plaintiffs must have standing in order to seek injunctive relief on behalf of the class.").

## **CONCLUSION**

For the foregoing reasons, Hain Celestial respectfully requests that the Court dismiss

Plaintiffs' Class Action Complaint in its entirety.


Dated:  September 11, 2017                      Respectfully submitted,

                                               JENNER & BLOCK LLP


                                               By:___/s/ Kenneth K. Lee_____

                                               Kenneth K. Lee

                                               Attorneys for Defendant
                                               The Hain Celestial Group, Inc.